UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C. TEMPLAR O'BRIEN,

    Plaintiff,

v.                                                     CASE NO. 8:17-cv-3070-T-23AEP

SHERIFF CHAD CHRONISTER, *et al.*,

    Defendants.
_____/

## **O R D E R**

O'Brien's complaint alleges that the defendants violated his civil rights while he was a pretrial detainee in the Hillsborough County jail. The defendants removed the action from state court and move (Doc. 3) under Rule 12(b), Federal Rules of Civil Procedure, to dismiss the action, which motion O'Brien opposes. (Doc. 5) The defendants move (Doc. 3) to dismiss the complaint (1) because O'Brien failed to exhaust his administrative remedies, (2) because the complaint fails to state a claim upon which relief can be granted, and (3) because the defendants are entitled to qualified immunity. Both O'Brien and the defendants attach copies of forms purporting to show O'Brien's attempts to exhaust the jail's administrative remedies. The defendants are correct that O'Brien failed to properly exhaust his administrative remedies before he filed this action.

The exhaustion of administrative remedies is required before a prisoner files a Section 1983 action. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must "properly exhaust" the administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The failure to "properly exhaust" the administrative remedies will bar a prisoner from pursuing a claim in federal court. "[S]aying that a party may not sue in federal court *until* the party first *pursues* all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *Ngo*, 548 U.S. at 100 (italics original). *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) ("[W]e hold that the PLRA's exhaustion requirement does contain a procedural default component: Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim. Therefore, Johnson's grievance, which he filed out-of-time and without good cause, is not sufficient to exhaust his administrative remedies for purposes of the PLRA exhaustion requirement."), *cert. denied*, 548 U.S. 925 (2006).

This mandatory exhaustion requirement applies even when administrative remedies do not allow the requested relief. *Ngo*, 548 U.S. 85 ("[A] prisoner must now exhaust administrative remedies even where the relief sought — monetary damages — cannot be granted by the administrative process."); *Booth v. Churner*, 532 U.S. 731, 736 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). *Accord Leal v. Georgia Dep't of Corr.*, 254 F.2d 1276, 1279 (11th Cir. 2001) ("This means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citation omitted).

The defendants fairly interpret the complaint as alleging three counts, specifically, the defendants' allegedly prohibiting the receipt of books directly from a bookstore or other seller (Count I), permitting the opening and delivery of inbound legal mail without delivering the envelope (Count II), and opening and inspecting outbound legal mail (Count III). Despite O'Brien's employing the administrative process on other issues, the defendants contend that O'Brien failed to fully exhaust the established administrative process for these three specific claims. The defendants have the burden of proving that O'Brien did not fully exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that lack of exhaustion is an affirmative defense); *Dixon v. United States*, 548 U.S. 1, 8 (2006) (recognizing that the burdens of both production and persuasion are on the same party).

In their motion to dismiss (Doc. 3 at 6), the defendants explain that to exhaust the available administrative remedies O'Brien must follow this grievance process:

> HCSO SOP 914.06(IV)(B) details the procedures required for an inmate to properly submit a non-medical grievance. First, the inmate must tell a deputy of his desire to file a grievance and that deputy will attempt to resolve the inmate's concerns. If there is no resolution, then the inmate shall be instructed to submit an Inmate Request Form to meet with the shift supervisor in another attempt to resolve his concerns. If there is still no resolution, then the sergeant shall provide the inmate with an Inmate Grievance Form which is to be properly submitted no later than thirty days from the date on which the basis for the complaint occurred pursuant to HCSO SOP 914.06(IV)(B)(4). Lastly, if the inmate is still not satisfied after filing his Grievance Form, then the inmate has ten days to appeal the response to his grievance under HCSO SOP 914.06(IV)(L)(2).

The defendants correctly show that O'Brien failed to exhaust his administrative remedy. O'Brien did not follow the second step in the grievance process to address the issues in Counts I and II (receiving books and not receiving the envelope with incoming legal mail). Specifically, O'Brien failed to submit an "Inmate Request Form" to meet with the shift supervisor. Similarly, O'Brien failed to follow the required procedure for the issue in Count III (inspecting outgoing legal mail).[*] O'Brien's attempt to exhaust his administrative remedies after he filed this action is ineffective because Section 1997e(a) states that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." *Accord Ngo*, 548 U.S. at 100 ("[A] party may not sue in federal court *until* the party first *pursues* all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in

---

[*] The facts show that the underlying claims lack merit because departmental policy permits receiving a book from a publisher (Count I), because O'Brien shows no injury from not receiving the actual envelope for incoming mail (Count II), and because the outgoing legal mail was not addressed to a qualifying legal entity.

federal court.") (italics original). As a consequence, O'Brien's action is premature and amendment of the action would prove futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the defendants' motion to dismiss (Doc. 3) is **GRANTED**. The civil rights complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as premature. The clerk must enter a judgment of dismissal against O'Brien and close this case.

ORDERED in Tampa, Florida, on May 8, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE